[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION TO REARGUE RENEWED MOTION FOR SUMMARY JUDGMENT #125
The defendants have filed a motion dated June 11, 1998 seeking reargument, reconsideration and modification of the court's memorandum of decision on their renewed motion for summary judgment issued on June 2, 1998.
A. The defendants' arguments regarding Judge Thim's decision on the first motion for summary judgment, issued July 31, 1997, are without merit. Judge Thim's decision specifically states that the defendants' motion for summary judgment as to the negligent supervision claims should be denied, as this issue "must be decided in the factual context of a full trial." See v.Bridgeport Roman Catholic Diocese Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300948 (July 31, 1997, Thim, J.) (20 Conn. L. Rptr. 271, 276). As noted by Judge Thim, the negligent supervision claims "are not appropriate issues to be resolved by way of summary judgment." Moreover, the defendants' contention that the depositions have failed to provide a basis for finding a genuine issue of material fact ignores the court's findings that the defendants, who carry the initial burden, have failed to show that there is no genuine issue as to the notice/knowledge issue, and more significantly, that summary judgment is inappropriate where issues of notice and knowledge are involved.
B. The court did not find that there was "inconsistent" testimony from deposed witnesses. Deposition passages were CT Page 6861 included in the court's decision merely to indicate that the defendants had failed to carry the burden of showing that no genuine issue of material fact exists. Noticeably, the defendants do not contest the general proposition that issues of knowledge and notice ordinarily raise questions of fact which are not suitable of being fully resolved by way of summary judgment.
C. The court will not entertain any further argument regarding the substantive legal issues. The court finds its position to be that accepted by other Connecticut courts facing similar issues, and is amply supported by caselaw from other jurisdictions.
D. Through computer error, a portion of a quote on pages six to seven was deleted. This omission has been remedied in the amended memorandum of decision. The amended memorandum of decision clarifies the text regarding the named defendants.
E. The court has deleted any language indicating that the defendants herein had a reporting duty pursuant to General Statutes § 17a-101, as said section did not exist as of the times complained of. The present references to this statutory section is for the sole purpose of illustrating the state's present interest in protecting children from abusive behavior, not as a basis for liability here.
Accordingly, it is hereby ordered that the defendants' motion for reargument, reconsideration and modification be granted as to modification in those respects stated above only.
David W. Skolnick, Judge.